**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**THERESA RIZZOTTO,**

       Plaintiff,               Case No.:

v.

**TORRENT PHOTONICS LLC,**

       Defendant.

_____/

**<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

Plaintiff Theresa Rizzotto, by and through undersigned counsel, sues Defendant Torrent Photonics LLC, and alleges:

**<u>NATURE OF THE ACTION</u>**

1. This is an action for disability discrimination, failure to provide reasonable accommodation, and retaliation under the Americans with Disabilities Act Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12101 *et seq.*; and interference with and retaliation for the exercise of rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; Plaintiff seeks compensatory damages, back pay, front pay, reinstatement or its equivalent, liquidated damages, attorneys' fees, costs, and all other relief to which she is entitled.

1

## PARTIES

2.     Plaintiff Theresa Marie Rizzotto is an individual residing at 12035 72nd Street, Largo, Florida 33773.

3.     Defendant Torrent Photonics LLC ("Torrent Photonics" or "the Company") is a limited liability company with its principal place of business located at 8060 Bryan Dairy Road, Largo, Florida 33777.

4.     At all relevant times, Torrent Photonics employed 100 or more employees and is therefore an "employer" covered by the ADA, the FMLA, and the FCRA.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in the Middle District of Florida, Tampa Division, because Defendant's principal place of business is located in Largo, Florida, within Pinellas County, which falls within this judicial district and division, and because the unlawful employment practices giving rise to this action occurred therein.

2

7.      Plaintiff has satisfied all administrative prerequisites to suit. On March 25, 2026, Plaintiff filed Charge of Discrimination No. 511-2026-02899 with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), alleging disability discrimination, retaliation, and failure to accommodate in violation of the ADA and the FCRA. The EEOC issued a Notice of Right to Sue on May 5, 2026. This Complaint is timely filed within ninety (90) days of Plaintiff's receipt of that Notice.

## FACTUAL ALLEGATIONS

### Background and Employment

8.      Plaintiff began her employment with Torrent Photonics LLC (and its predecessor entities) in or about 2020 and most recently held the position of Quality Control Chief Inspector.

9.      At the time of her termination, Plaintiff earned an hourly rate of $20.30, with a third-shift differential rate of $21.80 per hour.

### Plaintiff's Qualifying Disabilities and First FMLA Leave

10.      In February 2024, Plaintiff suffered a serious medical condition requiring emergency treatment for sepsis and underwent multiple surgeries, including the surgical installation of a colostomy bag. These

conditions constituted serious health conditions within the meaning of the FMLA and qualified disabilities within the meaning of the ADA.

11.    Plaintiff applied for and was granted FMLA leave in connection with the foregoing conditions in February 2024, which Defendant approved.

12.    Following her colostomy surgery, Plaintiff was placed under a medical restriction prohibiting her from lifting more than 10 to 20 pounds.

**Defendant's Failure to Provide Reasonable Accommodation**

13.    Plaintiff's duties as Quality Control Chief Inspector required her to load "planets" into oversized pans, with each planet and pan combination weighing approximately 15 to 20 pounds. Because each production run consisted of four planets, the total weight to be transported to the coating area was substantial. The heavy metal cart provided by Defendant further compounded the difficulty of performing this task within Plaintiff's medical lifting restrictions.

14.    To address this barrier, Plaintiff requested a lightweight plastic cart from her supervisor, Dave Peterson, and her manager, Sphresa Shala. Defendant provided no response to and took no action on Plaintiff's accommodation request.

4

15.     By refusing to engage in the interactive process and by failing to provide Plaintiff with a lightweight cart or any other reasonable accommodation, Defendant denied Plaintiff a reasonable accommodation that would have allowed her to perform the essential functions of her position without undue hardship to Defendant.

**Second FMLA Leave and Pretext for Termination**

16.     In 2025, Plaintiff required additional medical treatment, including colon reconstruction surgery and removal of the colostomy bag. She applied for and was granted a second period of FMLA leave, which Defendant approved through February 1, 2026.

17.     At the start of 2026, Plaintiff contacted Defendant's Human Resources department regarding vacation time that had not been credited to her account. Defendant failed to respond.

18.     Internal communications within Defendant's management reflect a pretext for Plaintiff's termination. In a message timestamped January 19 at 7:17 PM, a management-level individual stated: "I think he fucked up and they didn't want me to get that so they blamed it on not having enough work and I wasn't getting my hours..let's fire her...Keep this between us." This communication evidences that Defendant's stated reason

5

for Plaintiff's termination — position elimination — was pretextual, and that the true motivation was to rid the Company of an employee who had exercised her rights under the FMLA and the ADA.

19.    On January 15, 2026 — while Plaintiff remained on approved FMLA leave — Defendant terminated her employment, claiming her position was being eliminated due to position consolidation.

20.    Other employees of Torrent Photonics who did not take FMLA leave or request disability accommodations remain employed and continue to perform the same or substantially similar job duties that Plaintiff previously performed.

## COUNT I — FMLA INTERFERENCE
### (29 U.S.C. § 2615(a)(1))

21.    Plaintiff realleges and incorporates by reference all preceding paragraphs.

22.    Plaintiff suffered from serious health conditions — including sepsis, multiple surgeries, colostomy bag installation, colon reconstruction surgery, and removal of the colostomy bag — that entitled her to FMLA leave.

6

23. Defendant approved Plaintiff's FMLA leave on two separate occasions, most recently through February 1, 2026.

24. Defendant terminated Plaintiff's employment on January 15, 2026, while she was still on approved FMLA leave, thereby interfering with, restraining, and denying Plaintiff the exercise of and benefits to which she was entitled under the FMLA.

25. As a direct and proximate result of Defendant's interference with her FMLA rights, Plaintiff has suffered and continues to suffer damages, including lost wages, lost benefits, and other economic harm.

## COUNT II — FMLA RETALIATION
### *(29 U.S.C. § 2615(a)(2))*

26. Plaintiff realleges and incorporates by reference all preceding paragraphs.

27. Plaintiff engaged in activity protected under the FMLA by taking approved medical leave on two occasions — in February 2024 and again in 2025.

28. Defendant took an adverse employment action against Plaintiff by terminating her employment effective January 15, 2026.

29.    The proximity of Plaintiff's termination to her protected FMLA activity, combined with internal management communications indicating a pretextual motive and the fact that similarly situated employees who did not take FMLA leave were not terminated, demonstrates that Defendant's stated reason for termination was a pretext for unlawful retaliation.

30.    As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered lost wages, lost benefits, emotional distress, and other damages.

## COUNT III — ADA DISABILITY DISCRIMINATION
### *(42 U.S.C. § 12101 et seq.)*

31.    Plaintiff realleges and incorporates by reference all preceding paragraphs.

32.    Plaintiff is a qualified individual with a disability within the meaning of the ADA. Her conditions — including sepsis, complications therefrom, colostomy bag installation, colon reconstruction surgery, and an ongoing lifting restriction — substantially limited one or more major life activities, including but not limited to lifting, bending, and performing manual tasks.

33.    Plaintiff was qualified for her position as Quality Control Chief Inspector and was performing her job satisfactorily at the time of her termination.

34.    Defendant terminated Plaintiff because of her disability — or its record of disability and/or its perception of Plaintiff as disabled — rather than for any legitimate, non-discriminatory reason.

35.    Defendant's stated justification of "position elimination" is pretextual, as other employees continue to perform Plaintiff's former duties.

36.    As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer economic and non-economic damages.

### COUNT IV — ADA FAILURE TO ACCOMMODATE
### *(42 U.S.C. § 12112(b)(5)(A))*

37.    Plaintiff realleges and incorporates by reference all preceding paragraphs.

38.    Plaintiff's lifting restriction of 10 to 20 pounds, imposed following her emergency colostomy surgery in February 2024, constituted a known physical limitation resulting from her disability.

9

39.    Plaintiff requested a reasonable accommodation — a lightweight plastic cart — from her supervisor, Dave Peterson, and her manager, Sphresa Shala, to enable her to perform her job duties within her medical restrictions.

40.    Defendant failed to respond to Plaintiff's accommodation request, failed to engage in any interactive process, and provided no accommodation.

41.    A lightweight plastic cart would have constituted a reasonable accommodation that would not have imposed an undue hardship on Defendant.

42.    As a direct and proximate result of Defendant's failure to accommodate, Plaintiff suffered harm, including being required to work under conditions that exceeded her medical restrictions and ultimately losing her employment.

## COUNT V — ADA RETALIATION
### *(42 U.S.C. § 12203)*

43.    Plaintiff realleges and incorporates by reference all preceding paragraphs.

44.   Plaintiff engaged in activity protected under the ADA by requesting a reasonable accommodation from Defendant.

45.   Defendant thereafter terminated Plaintiff's employment, effective January 15, 2026.

46.   The closeness in time between Plaintiff's accommodation request and her termination, together with internal management communications reflecting a pretext for her firing, establish a causal connection between Plaintiff's protected activity and the adverse employment action.

47.   As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered lost wages, lost benefits, emotional distress, and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Theresa Rizzotto demands judgment against Defendant Torrent Photonics LLC, and respectfully requests that this Court:

a. Enter judgment in Plaintiff's favor on all counts;

b. Award Plaintiff back pay, including lost wages and benefits, from the date of her unlawful termination to the date of judgment;

c. Award Plaintiff front pay or order reinstatement to her former position;

d. Award Plaintiff compensatory damages for emotional distress, humiliation, and loss of dignity;

e. Award Plaintiff liquidated damages under the FMLA;

f. Award Plaintiff reasonable attorneys' fees, expert fees, and costs of suit;

g. Award pre- and post-judgment interest as permitted by law; and

h. Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

48.    Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 29 day of May 2026.

Respectfully submitted,

**FLORIN | GRAY**

/s/ Wolfgang Florin
Wolfgang M. Florin
Florida Bar No.: 907804
wflorin@fgbolaw.com
16524 Pointe Village Drive,
Suite 100 Lutz, FL 33558
Telephone: (727) 220-4000
Facsimile: (727) 483-7942
*Counsel for Plaintiff Theresa Rizzotto*